# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

SCOTT CAMERON SHERMAN,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-94-5

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

A grand jury indicted Scott Sherman on one count of conspiracy to commit mail and wire fraud affecting a financial institution and two counts of wire fraud affecting a financial institution. Sherman then waived his right to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41354

indictment and pleaded guilty to a bill of information charging him with conspiracy to commit wire fraud. As part of the plea agreement, Sherman waived his right to appeal the conviction and sentence, reserving only the right to appeal a sentence imposed in excess of the statutory maximum and a claim of ineffective assistance of counsel affecting the validity of the guilty plea or appeal waiver. Sherman was sentenced below the guideline range to twenty months of imprisonment and one year of supervised release. The indictment was dismissed on motion of the government. Sherman appeals.

During the pendency of this appeal, the parties discovered that the indictment issued on April 11, 2013, was returned more than twenty-four months after the grand jury had been impaneled. Sherman claims that the indictment was invalid and deprived the district court of jurisdiction because it was returned after the grand jury's term had expired. Sherman also contends that the district court committed an error under Federal Rule of Criminal Procedure 11(c)(1) because it failed to advise him that the indictment was void. Finally, Sherman maintains that the appeal waiver is unenforceable and that his guilty plea was involuntary as a result of a material misrepresentation or mutual mistake.

The government moves for summary dismissal, or alternatively, summary affirmance on the ground that the appeal is barred by the appeal waiver and that the issues are foreclosed. The parties' positions raise questions as to the knowing and voluntary nature of the guilty plea and appeal waiver. Challenges to the voluntariness of a guilty plea are not barred by an appeal waiver and are not foreclosed.

Summary disposition is "necessary and proper" in "cases where time is truly of the essence" or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

2

outcome of the case, or where, as occurs more frequently, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Given the parties' arguments, summary dismissal or summary affirmance is inappropriate here.

Accordingly, the motion for summary dismissal and the alternative motion for summary affirmance are DENIED. The government is directed to file a brief within thirty days of this opinion.